# ATTACHMENT A

SECOND JUDICIAL DISTRICT COURT

COUNTY OF BERNALILLO

STATE OF NEW MEXICO

2006 JUN 19  AM 10: 29

CINDEE FUNES

No. _____
DA#: 2006-03176-1
STN: 001060020419

STATE OF NEW MEXICO,

      Plaintiff,

  vs.

NICHOLOUS PHILLIPS,

      Defendant.

*JAMES F. BLACKMER*

*CR SECTION A*

## CRIMES CHARGED

AGGRAVATED ASSAULT (DEADLY WEAPON)(FIREARM ENHANCEMENT); RECEIVING OR TRANSFERRING A STOLEN VEHICLE (POSSESSION); CONSPIRACY TO COMMIT RECEIVING OR TRANSFERRING A STOLEN VEHICLE (POSSESSION); TAMPERING WITH EVIDENCE

## GRAND JURY INDICTMENT

THE GRAND JURY CHARGES:

COUNT 1:  AGGRAVATED ASSAULT (DEADLY WEAPON)(FIREARM ENHANCEMENT)

That on or about the 3rd day of June, 2006, in Bernalillo County, New Mexico, the above-named defendant did assault or strike at Joshua Dubois, with a handgun, which was a deadly weapon, contrary to Section 30-3-2(A) and Section 31-18-16, NMSA 1978.

COUNT 2:  RECEIVING OR TRANSFERRING A STOLEN VEHICLE (POSSESSION)

That on or about the 3rd day of June, 2006, in Bernalillo County, New Mexico, the above-named defendant had possession of a vehicle, a Honda belonging to Vinh Dang, which had been stolen, and at the time the defendant had the vehicle in his possession he knew or had reason to know that the vehicle had been stolen, contrary to Section 66-3-505, NMSA 1978.

CARLA LOPEZ

State vs. NICHOLOUS PHILLIPS
GRAND JURY INDICTMENT                                    Page No. 2

COUNT 3:   CONSPIRACY TO COMMIT RECEIVING OR TRANSFERRING A STOLEN
VEHICLE (POSSESSION)

That on or about the 3rd day of June, 2006, in Bernalillo County,
New Mexico, the above-named defendant and another by words or acts
agreed together to commit Receiving or Transferring a Stolen Vehicle
(Possession), and they intended to commit Receiving or Transferring a
Stolen Vehicle (Possession), contrary to Section 30-28-2 and Section
66-3-505, NMSA 1978.

COUNT 4:   TAMPERING WITH EVIDENCE

That on or about the 3rd day of June, 2006, in Bernalillo County,
New Mexico, the above-named defendant placed and/or hid a handgun in
the brush with intent to prevent the apprehension, prosecution or
conviction of himself, contrary to Section 30-22-5, NMSA 1978.

The names of the witnesses upon whose testimony this Indictment
is based are as follows:        A. Provencher, APD
                                Joshua Dubois (w)

I hereby certify that the foregoing Indictment is a ___True___
Bill.

APPROVED:                          _Cecilia Herrera_
                                   Foreman

_Michelle Drake_                  _6/16/06_
For: David L. Waymire              Date
Deputy District Attorney

State vs. NICHOLOUS PHILLIPS
GRAND JURY INDICTMENT

Page No. 3

## CASE INFORMATION

DA FILE#: 2006-03176-1
STN: 001060020419
MET.CT.#: CR 11543-06
LEA/RPT#: APD
DDA: David L. Waymire
DOB: 5-5-79
SS#: 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
ADD: 338 8th St., Raton, NM 87740 and c/o Metropolitan Detention Center

*J.F.B. — Judge 6/2/06*

*(P.V. holds from colfax cnty)*

BOOKING/ARREST DATE: 130431166
DEF.ATTY: Public Defender

PHYSICAL DESCRIPTION OF DEFENDANT:
Height: 6'1      Weight: 165
Race: White
Eye Color: Brown
Hair Color: Brown
Other: mustache & goatee
tattoo: chinese lettering
tattoo: lf arm - tribal

mlw

## PENALTIES

COUNT 1: 4TH DEGREE FELONY (PLUS FIREARM ENHANCEMENT)
COUNTS 2 - 4: 4TH DEGREE FELONY

4th Degree Felony: Basic sentence of 18 months but not less than 1 year nor more than 2 years imprisonment and not more than $5,000 fine.

3rd Degree Felony: Basic sentence of 3 years but not less than 2 years nor more than 4 years imprisonment and not more than $5,000 fine.

2nd Degree Felony: Basic sentence of 9 years but not less than 6 years nor more than 12 years imprisonment and not more than $10,000 fine.

1st Degree Felony: Basic sentence of 18 years but not less than 12 years nor more than 24 years imprisonment and not more than $15,000 fine.

USE OF FIREARM ALTERATION TO BASIC SENTENCE (FE): Basic sentence of imprisonment increased by 1 year for first offense in which a firearm is used and 3 years for subsequent offenses in which a firearm is used.

OLD AGE & HANDICAPPED ENHANCEMENT (OAE or HE): Basic sentence of imprisonment is increased by one (1) year, unless great bodily harm is inflicted, or a deadly weapon is used, then the basic sentence is increased by two (2) years.

Special Penalty: (Receiving or Transferring a Stolen Vehicle (Possession) only) Basic sentence of one year and/or $5,000 fine.

Special Penalty: (Possession of Drug Paraphernalia) Basic sentence: a fine of not less than fifty dollars nor more than one-hundred dollars or by imprisonment for a definite term less than one year or both

Misdemeanor: Less than 1 year in the County Jail and/or not more than $1,000 fine.

Petty Misdemeanor: Not more than 6 months in the County Jail and/or not more than $500 fine.

Penalty for Driving While Under the Influence, Felony Offense:(4th Offense): A 4th degree, basic sentence of 18 months and not more than $5,000 fine, including a mandatory jail term of not less than 6 months. (5th Offense): A 4th degree, basic sentence of 2 years and not more than $5,000 fine, including a mandatory jail term of not less than one year.(6th Offense) : A 3rd degree, basic sentence of 30 month, and not more than $5,000 fine, including a mandatory jail term of not less than 18 months. (7th or subsequent): A third degree, basic sentence of 3 years and not more than $5,000 fine, including a mandatory jail term of two years.

Penalty for Driving While Under the Influence - Misdemeanor: If 1st Offense, basic sentence is maximum 90 days jail and $500 fine, and if aggravated an additional 48 hours jail time; if 2nd Offense, basic sentence is mandatory 72 hours in jail and $500 fine to maximum of 364 days and $1,000 fine, and if aggravated an additional 96 hours jail time; if 3rd Offense, basic sentence is a mandatory 30 days in jail and $750 fine to maximum of 364 days and $1,000 fine, and if aggravated an additional mandatory 60 days jail time.

Penalty for Driving While License Suspended or Revoked: A Misdemeanor, a basic sentence of 364, mandatory 7 days and fine up to $1,000 (non-DWI related suspension/revocation); or not less than 7 consecutive days imprisonment and mandatory fine not less than $300 nor more than $1,000 (DWI revocation).

Penalty for Reckless Driving: Upon first conviction, basic sentence of five days to ninety days imprisonment, and/or $25 to $100 fine. Upon a second or subsequent conviction, basic sentence of ten days to six months imprisonment, and/or $50 to $1,000 fine.

Penalty for Traffic Code Misdemeanor: fine of not more than $300 or imprisonment for not more than 90 days or both.

Penalty Assessment Misdemeanor: See Schedule in Traffic Code, Section 66-8-116.

2nd Degree Felony Resulting in the Death of a Human Being: Basic sentence of 15 years but not less than 10 years nor more than 20 years imprisonment and not more than $12,500 fine.

3rd Degree Felony Resulting in the Death of a Human Being: Basic sentence of 6 years but not less than 4 years nor more than 8 years imprisonment and not more than $15,000 fine.

OPEN CHARGE OF MURDER

Penalty for FIRST DEGREE MURDER (Willful and Deliberate) or (Depraved Mind)
    CAPITAL FELONY: Death or Life Imprisonment

    SECOND DEGREE MURDER: Basic sentence of 15 years but not less than 10 years nor more than 20 years imprisonment and not more than $12,500 fine.

    VOLUNTARY MANSLAUGHTER: Basic sentence of 6 years but not less than 4 years nor more than 8 years imprisonment and not more than $15,000 fine.

    INVOLUNTARY MANSLAUGHTER: 4th Degree Felony: Basic sentence of 18 months but not less than 1 year nor more than 2 years imprisonment and not more than $5,000 fine.

Penalty for FIRST DEGREE MURDER (Felony Murder):
    CAPITAL FELONY: Death or Life Imprisonment

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

FILED
~~~~~~~~~~~~~~~~~~~~~

2007 MAR -6  PM 3: 00

*Juanita M Duran*

CR 06-02643
DA File No. 06-3176-01

STATE OF NEW MEXICO,
                    Plaintiff,

    vs.

NICHOLOUS PHILLIPS,
       DOB:  5-5-795
       SSN:  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
       STN:  001060020419
                  Defendant.

SUSAN M. ALLEN

<u>REPEAT OFFENDER PLEA AND DISPOSITION AGREEMENT</u>

The State of New Mexico and the defendant agree to this disposition of this cause number:

<u>PLEA</u>

<u>CHARGES</u>: The defendant agrees to plead GUILTY to the following crimes:

.1. AGGRAVATED ASSAULT (DEADLY WEAPON) (FIREARM ENHANCEMENT) [§30-3-2(A)], a fourth (4th) degree felony offense committed on or about June 3, 2006, as charged in Count 1 of CR 06-02643; and,

2. TAMPERING WITH EVIDENCE (§30-22-5), a fourth (4th) degree felony offense committed on or about June 3, 2006, as charged in Count 4 of CR 06-02643.

<u>ADMISSION OF IDENTITY</u>: The defendant admits that he was convicted of the following crimes. The defendant also agrees that the convictions for these crimes are valid and free from error.

1a. On or about November 1, 2003, the defendant committed the felony of POSSESSION OF A CONTROLLED SUBSTANCE, and was convicted on June 11, 2004, in Criminal Cause Number CR 04-00081, in the Eighth Judicial District Court, Colfax County, New Mexico.

1b. On or about November 15, 2003, the defendant committed the felony of TRAFFICKING, and was convicted on June 11, 2004, in Criminal Cause Number CR 04-00019, in the Eighth Judicial District Court, Colfax County, New Mexico.

Thomas E. Kelley

State v. Nicholous Phillips, CR 06-02643
Repeat Offender Plea and Disposition Agreement, Page 2

## TERMS

This agreement is made according to the following conditions:

SENTENCING AGREEMENT: The State will not pursue Habitual Offender enhancements at initial sentencing. The State reserves the right to file Habitual Offender proceedings in the future as described in the section of this document entitled "Habitual Offender Proceedings". The two counts shall run consecutively to each other at initial sentencing and for all future proceedings. Upon completion of the mandatory sentence for the firearm enhancement, the Defendant will be placed on three (3) years supervised probation. Conditions of probation will include no contact with the victim. This cause number shall run concurrently to probation violation cases currently pending in Colfax County. There are no other agreements as to sentencing.

PENALTIES: The maximum penalties for these charges are:

1. AGGRAVATED ASSAULT (DEADLY WEAPON), a fourth (4th) degree felony, with a basic sentence of up to eighteen (18) months imprisonment and a fine of up to $5,000, followed by one (1) year of parole;

2. FIREARM ENHANCEMENT, enhancing any felony by a mandatory and consecutive one (1) year of incarceration that cannot be suspended;

3. TAMPERING WITH EVIDENCE, a fourth (4th) degree felony, with a basic sentence of up to eighteen (18) months imprisonment and a fine of up to $5,000, followed by one (1) year of parole.

4. SECOND HABITUAL OFFENDER, enhancing the basic sentence of any felony by one (1) mandatory year.

Any basic sentence for a felony may be altered up to one-third for aggravating or mitigating circumstances.

POTENTIAL INCARCERATION: If the court accepts this agreement, the defendant will be ordered to serve a period of incarceration of one (1) year at the initial sentencing. The Defendant will also be ordered to serve a three (3) year period of supervised probation. If the

State v. Nicholous Phillips, CR 06-02643
Repeat Offender Plea and Disposition Agreement, Page 3

defendant later violates that probation, he may be incarcerated for the balance of the sentence, and be subject to additional Habitual Offender proceedings, enhancing this sentence by two (2) mandatory years, as outlined in this agreement under the section entitled "Habitual Offender Proceedings".

CAP: Any "cap" or other limitation on incarceration shall be a limitation on imprisonment only at initial sentencing. If the defendant violates any condition of parole or probation, the court may sentence him to imprisonment without considering the limitation.

CHARGES TO BE DISMISSED: Counts 2 and 3 of CR 06-02643.

UNDISCLOSED PRIOR CONVICTIONS: The State may bring habitual offender proceedings, as provided by law, based on any convictions not admitted in this plea. The State may also choose to withdraw this plea agreement if it discovers any such convictions.

## HABITUAL OFFENDER PROCEEDINGS

UPON VIOLATION: The defendant understands that if he violates any law after he enters this plea and before he completes his sentence in this case, he will be subject to habitual offender proceedings based on the convictions listed under "Admission of Identity." The State also may bring habitual offender proceedings if the defendant violates any condition of probation or parole. The State may bring Habitual offender proceedings if the violation is admitted or proven, even if probation or parole is not revoked or the defendant is not convicted of the new crime. The defendant agrees that the district attorney's office or the court may inspect his probation or parole records to determine whether he has violated the conditions of his probation or parole.

PROOF: The State will use the defendant's admission of identity to the prior felonies convictions in any habitual offender proceedings. The defendant understands and agrees that the admission alone will be sufficient proof that he is the person convicted of those felonies.

VALIDITY OF CONVICTIONS: The defendant agrees that the convictions listed under "Admission of Identity" are valid and free from fundamental error. "Valid" means that the defendant is the person who was convicted of the crimes and that the crimes were felonies. "Free from fundamental error" means that the defendant's constitutional rights, including the right to

State v. Nicholous Phillips, CR 06-02643
Repeat Offender Plea and Disposition Agreement, Page 4

counsel, were not violated at the time convictions were obtained. The defendant waives any collateral attack on the validity of each of the above felony convictions. The defendant agrees not to contest the validity of the convictions if habitual offender proceedings are filed under the terms of this agreement. If the defendant contests the validity of any of the convictions, the State may choose to reinstate any charges dismissed or not filed as a result of this agreement. The State may also remove any agreed to limitation on sentence.

RESTITUTION: Restitution will be ordered in accordance with Section 31-17-1 NMSA 1978, as amended to date. The defendant, in cooperation with the probation office, will prepare a restitution plan to be incorporated into the Court's sentence. The defendant agrees to make restitution on all charges arising out of this district attorney file, even if those charges are dismissed or not filed because of this agreement. The defendant agrees not to discharge this restitution obligation in bankruptcy.

## STIPULATIONS

TIME LIMITS: By entering this agreement with the State, the defendant waives his rights under the rules governing time of commencement of trial until the agreement is either accepted or rejected by the Court.

WAIVER OF DEFENSES AND APPEAL: Unless this plea is rejected or withdrawn, the defendant gives up all motions, defenses, objections, or requests which he has made or could make concerning the Court's entry of judgment against him if that judgment is consistent with this agreement. The defendant specifically waives his right to appeal as long as the Court's sentence is imposed according to the terms of this agreement.

REJECTION OF PLEA: If the Court finds the provisions of this agreement unacceptable, after reviewing it and any pre-sentence report, the Court will allow the withdrawal of the plea, and this agreement will be void. If the plea is withdrawn, neither the plea nor any statements arising out of the plea proceeding shall be admissible against the defendant in any criminal proceedings.

State v. Nicholous Phillips, CR 06-02643
Repeat Offender Plea and Disposition Agreement, Page 5

I have read and I understand this agreement. My lawyer has informed me of the specific immigration consequences I face as a result of this plea agreement, and I understand that if I am not a U.S. citizen, this plea agreement will affect my immigration or naturalization status. I have discussed the case and my constitutional rights with my lawyer. I understand that when I plead guilty I give up the following rights: my right to a trial by jury, my right to confront, cross-examine, and compel the attendance of witnesses, and my privilege against self-incrimination.

I agree that the State may void any sentencing agreement, including any cap on incarceration, OR the State may withdraw this plea agreement if I:

1) violate any laws while pending sentencing; OR

2) violate any condition of release; OR

3) fail to appear for the pre-sentence report interview as scheduled; OR

4) fail to appear for a scheduled court hearing, including but not limited to a sentencing hearing; OR

5) fail to turn myself in to begin serving any period of incarceration as court ordered.

I understand that when I admit the validity of the prior convictions I give up my right to collaterally attack these convictions in any proceeding. I understand that by admitting my identity on the prior convictions, I give up my privilege against self-incrimination if habitual offender proceedings are filed in this case under this agreement.

I agree to enter my plea, and I admit that I am the person previously convicted of felonies as indicated above and according to the terms and conditions set forth in this agreement. I understand that if the Court grants me probation, a suspended sentence, a deferred sentence or a conditional discharge, the terms and conditions of the sentence are subject to modification if I violate any of the terms or conditions imposed.

_MARch~ 6-07_
Date

_Nil Phillips_
Defendant

State v. Nicholous Phillips, CR 06-02643
Repeat Offender Plea and Disposition Agreement, Page 6

I have discussed this case with my client in detail and have advised him of his constitutional rights and all possible defenses. I believe that the plea and disposition set forth herein are appropriate under the facts of this case. I agree with the plea outlined in this agreement and its terms and conditions.

3-6-07
_____
Date

_____ for
Defense Counsel  Keren Fenderson

I have reviewed this matter and agree that the plea and disposition are appropriate and are in the interest of justice.

3/6/07
_____
Date

_____
Prosecutor

APPROVED:

_____
District Judge

March 6, 2007
_____
Date

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

FILED
SECOND JUDICIAL DISTRICT

2007 MAR -6  AM11: 35

NO: CR _O6-2643_ _Juanita M. Duran_

STATE OF NEW MEXICO

VS.

_Phillips, Nicholous_
DEFENDANT

DATE_ March 6th_, 2007

## GUILTY PLEA PROCEEDINGS

Plaintiff appearing by _D'Ann Rasmussen_, ADA and defendant

appearing personally and by his/her attorney _Keren Fenderson_, before

the honorable **Judge Albert S. Pat Murdoch, Division XIX.**

( ✓ ) Defendant enters Plea of **(No Contest)**, **(N.C. VS. Alford)**, or **(Guilty)** to the Charge(s):
_CT 1, 4_

( ) PRE-SENTENCE REPORT ORDERED

( ✓ ) PLEA AND DISPOSITION AGREEMENT

( ) SENTENCING SET FOR _TODAY_, 2007 AT _____AM/PM

( ) ROR

( ) ADMITS PRIORS

( ) REFERRED TO DRUG COURT

Other:

_____

_____
Reporter/Monitor

_____
Deputy Clerk

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

FILED
SECOND JUDICIAL DISTRICT

2007 MAR 13  AM 11: 03

*Juanita M Duran*

CHRISTINE E. VALDEZ

CRCR 06-02643 (DA 06-3176-01)

STATE OF NEW MEXICO,
                    Plaintiff,
        vs.

NICHOLOUS PHILLIPS,
        DOB:  5-5-1979
        SSN:  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
        STN:  001060020419
        ADD:  338 Eighth St.
              Raton, NM 87740
                    Defendant.

<u>JUDGMENT, PARTIALLY SUSPENDED SENTENCE, AND COMMITMENT</u>

On March 6, 2007, this case came before the Honorable Albert S. "Pat" Murdoch, District Judge, for sentencing.  The State was represented by D'Ann Rasmussen, Assistant District Attorney.  The Defendant appeared personally and was represented by his attorney Keren Fenderson.  The Defendant had been convicted on March 6, 2007, pursuant to GUILTY pleas, accepted and recorded by the Court, of the offenses of:

1) AGGRAVATED ASSAULT (DEADLY WEAPON) (FIREARM ENHANCEMENT) [§30-3-2(A) & §31-18-16), a fourth (4th) degree felony offense committed on or about June 3, 2006, as charged in Count 1 of CR 06-02643;

2) TAMPERING WITH EVIDENCE (§30-22-5), a fourth (4th) degree felony offense committed on or about June 3, 2006, as charged in Count 4 of CR 06-02643.

The Defendant is hereby found and adjudged guilty and convicted of said crimes.

THEREFORE, the Defendant is hereby sentenced to the custody of the Department of Corrections of the State of New Mexico to be imprisoned for the terms of

1. EIGHTEEN (18) MONTHS for the basic sentence for Count 1, which shall be enhanced by ONE (1) YEAR for the use of a firearm, for a total of TWO AND ONE-HALF (2 ½) YEARS; and,

2. EIGHTEEN (18) MONTHS for the basic sentence for Count 4.

DEANA ENGEL

State v. Nicholous Phillips, CR 06-02643
Judgment, Partially Suspended Sentence, and Commitment, Page 2

The Counts shall run consecutively to one another for a total sentence of FOUR (4) YEARS.

Execution of THREE (3) YEARS of said sentence is suspended and the Defendant is placed on supervised probation for THREE (3) YEARS upon release, to run concurrent with his parole term, with the following conditions:

1) obey all standard conditions of probation;

2) enter and successfully complete any level of supervision and any counseling deemed appropriate by probation authorities;

3) obtain and maintain full-time employment, full-time schooling, or a combination of both;

4) shall not have any contact with any victim named in the indictment;

5) shall not possess or consume any alcohol;

6) submit a DNA sample and pay a DNA fee of one hundred ($100) dollars;

7) pay the Domestic Violence Fund fee of five ($5) dollars.

Probation costs of twenty-five ($25) dollars are to be assessed.

The Defendant shall submit to the STEPS program.

The one (1) year of incarceration shall be served in the Bernalillo County Metropolitan Detention Center.

THEREFORE, You, the Bernalillo County Metropolitan Detention Center, are hereby commanded to take the above-named Defendant in custody and confine him for the term of ONE (1) YEAR.

This cause number shall run concurrently to any probation violation cases currently pending in Colfax County, New Mexico.

Defendant is to receive credit for two hundred seventy-seven (277) days pre-sentence confinement and for post-sentence confinement until delivery to the place of incarceration.

IT IS FURTHER ORDERED that the Defendant, if ever incarcerated in the Department of Corrections on this cause number, be placed on parole for ONE (1) YEAR after release.

State v. Nicholous Phillips, CR 06-02643
Judgment, Partially Suspended Sentence, and Commitment, Page 3



Albert S. "Pat" Murdoch
District Judge


APPROVED:


D'Ann Rasmussen
Assistant District Attorney

Approved via e-mail March 8, 2007
Keren Fenderson
Counsel for the Defendant

# ATTACHMENT B

ORIGINAL

EIGHTH JUDICIAL DISTRICT COURT
COUNTY OF COLFAX
STATE OF NEW MEXICO

NO. 07-___92___-CR

FILED IN MY OFFICE
8TH JUDICIAL DIST. COURT
___ ___ ___ ___ ON

07 SEP 27  PM 2:07

DEP ___ ___ LERK
C___ ___ E
DIST ___ ___ URT

STATE OF NEW MEXICO,

        Plaintiff,

   vs.

NICKOLAUS PHILLIPS,
DOB: 05-05-79
SSN: 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
Address: HCR 62 Box 85, Colorado Springs, CO 80907
Sex:  Male
Height: 6'01"    Weight: 165 lbs.
Hair: Brown    Eyes: Brown
Case Classification Code: CAP
State Tracking Number:
District Court Code Number: 30-03-08(B), 30-03-02(A), 30-07-16

## AMENDMENT TO INFORMATION

      **COMES NOW**, Leslie A. Fernandez, Deputy District Attorney, Eighth Judicial District, New Mexico, and says that on or about the 31st day of March, 2007, in Colfax County, New Mexico, the above named defendant did:

**COUNT 1: SHOOTING AT A MOTOR VEHICLE:** That on or about the 31st day of March, 2006, in Colfax County, New Mexico, the above named defendant did willfully discharge a firearm at a motor vehicle which did not result in great bodily harm, contrary to NMSA 1978, Section 30-03-08(B), a Fourth Degree Felony.

**COUNT 2: SHOOTING FROM A MOTOR VEHICLE:** That on or about the 31st day of March, 2006, in Colfax County, New Mexico, the above named defendant did willfully discharge a firearm from a motor vehicle with reckless disregard for the person of another, contrary to NMSA 1978, § 30-03-08(B), a Fourth Degree Felony.

**COUNT 3: AGGRAVATED ASSAULT (deadly weapon):** That on or about the 31st day of March, 2007, in Colfax County, New Mexico, the above named defendant did unlawfully assault or strike at *Susan Madrid*, with a deadly weapon, to wit: *a firearm*, contrary to NMSA 1978, § 30-03-02(A), a Fourth Degree Felony. It is further alleged that the defendant used a firearm in the commission of this offense, contrary to NMSA 1978, § 31-18-16.

**COUNT 4: POSSESSION OF A FIREARM OR DESTRUCTIVE DEVICE BY A FELON:** That on or about the 31st day of March, 2006, in Colfax County, New Mexico, the above named defendant did receive, transport or possess a firearm or destructive device after having been convicted of a felony in the preceding ten years, contrary to NMSA 1978, § 30-07-16, a Fourth Degree Felony.

      The preliminary hearing on the offense(s) set forth in the complaint, was waived

*Colfax District Attorney Office*
*Information*

**WHEREFORE,** she prays that said defendant be arraigned and dealt with according to law.


**LESLIE A. FERNANDEZ**
**DEPUTY DISTRICT ATTORNEY**
**440 HEREFORD**
**RATON, NEW MEXICO 87740**


**STATE OF NEW MEXICO** )
                         ) ss
**COUNTY OF COLFAX** )

    Leslie A. Fernandez, being duly sworn upon oath states: That she has read the foregoing Information, knows the contents thereof and that she verily believes the same to be true.


LESLIE A. FERNANDEZ
DEPUTY DISTRICT ATTORNEY


**SUBSCRIBED AND SWORN** to before me this ⟨25th⟩ day of September, 2007.


NOTARY PUBLIC


My Commission Expires: June 7, 2010

FILED IN MY OFFICE
8TH JUDICIAL DIST. COURT
COLFAX COUNTY, NM ON

2008 JAN -8  AM 10: 10

BERNABE P. STRUCK
CLERK OF THE
DISTRICT COURT

EIGHTH JUDICIAL DISTRICT COURT
COUNTY OF COLFAX
STATE OF NEW MEXICO

No.    07-92    CR

STATE OF NEW MEXICO

          Plaintiff,

vs

NICKOLAUS C. PHILLIPS,
**DOB:**  05-05-1979,
**SSN:**  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,

       Defendant.

## PLEA AND DISPOSITION AGREEMENT

The State of New Mexico and the Defendant hereby agree to the following disposition of this case:

**PLEA:** The Defendant agrees to plead **GUILTY** to the following offenses:

1.    **SHOOTING AT A MOTOR VEHICLE,** a fourth degree felony, as charged in Count 1 of the Information;

2.    **POSSESSION OF A FIREARM BY A FELON,** a fourth degree felony, as charged in Count 4 of the Information.

**TERMS:** This agreement is made subject to the following conditions:

1.    **Agreement as to sentence.**  That no more severe than the following disposition will be made of the charges:  Sentencing is left to the Court's discretion.  The State will recommend a THREE YEAR suspended sentence, following his probation in 04-19CR and 05-18CR.  The

State will recommend Drug Court as the primary condition of probation if the defendant remains in Colfax County.

2. **Additional charges.**   The following charges will be dismissed with prejudice, or if not yet filed, shall not be brought against the defendant:   Counts 2 and 3.  Habitual offender proceedings held in abeyance, to be filed only if there is a proven probation violation during supervision.

3. **Restitution:**   None owing.

4. **Effect on charging document.** That this agreement, unless rejected or withdrawn, serves to amend the complaint, indictment, or information to charge the offense to which the defendant pleads, without the filing of any additional pleading.  If the plea is rejected or withdrawn, the original charges are automatically reinstated.

5. **Waiver of defenses and appeal.** Unless this plea is rejected or withdrawn, the defendant gives up any and all motions, defenses, objections or requests which the defendant has made or raised, or could have assert hereafter, to the court's entry of judgment and imposition of a sentence consistent with this agreement.  The defendant waives the right to appeal the conviction that results from the entry of this plea agreement.

6. **Withdrawal permitted if agreement rejected.** If after reviewing this agreement and any pre-sentence report the court concludes that any of its provisions are unacceptable, the court will allow the withdrawal of the plea, and this agreement will be void.  If the plea is withdrawn, neither the plea nor any statements arising out of the plea proceedings shall be admissible as evidence against the defendant in any criminal proceedings.

I understand that entry of this plea agreement may have an effect upon my immigration or naturalization status.

I have read and understand the above.  I have discussed the case and my constitutional rights with my lawyer.  I understand that by pleading guilty or no contest I will be giving up my right to a trial by jury, to confront, cross-examine and compel the attendance of witnesses and my privilege against self-incrimination.  I

understand that if the court grants me probation, a suspended sentence, a deferred sentence or a conditional discharge, the terms and conditions thereof are subject to modification in the event that I violate any of the terms of conditions imposed.

1/7/08
DATE

_____
DEFENDANT

## DEFENSE COUNSEL REVIEW

I have reviewed the plea and disposition agreement with my client. I have discussed this case with my client and I have advised my client of my client's constitutional rights and possible defenses.

1/7/08
DATE

_____
DEFENSE COUNSEL

## PROSECUTOR REVIEW

I have reviewed and approve this plea and disposition agreement and find that it is appropriate and consistent with the best interests of justice.

7 Jan 08
DATE

_____
PROSECUTOR

## DISTRICT COURT APPROVAL

The defendant personally appearing before me and I have concluded as follows:

1. That the defendant understands the charges set forth in the Information.

2. That the defendant understands the range of possible sentences from a Conditional Discharge, Deferred or Suspended sentence with probation to up to **EIGHTEEN (18 MONTHS** in the New Mexico Department of Corrections (plus up to an additional SIX (6) MONTHS if aggravating circumstances are found), and/or up to a $ 5,000 fine and a mandatory ONE (1) YEAR(S) on parole **on each count.**

3. That the defendant understands the following constitutional rights which the defendant gives up by pleading guilty or no contest:



a.   The right to trial by jury, if any;

b.   The right to the assistance of an attorney at trial, and to an appointed attorney, to be furnished free of charge if the defendant cannot afford one;

c.   The right to confront the witnesses against the defendant and to cross-examine them as to the truthfulness of their testimony;

d.   The right to present evidence on the defendant's own behalf, and to have the state compel the witnesses of the defendant's choosing to appear and testify;

e.   The right to remain silent and to be presumed innocent until proven guilty beyond a reasonable doubt.

4.   That the defendant wishes to give up the constitutional rights of which the defendant has been advised.

5.   That there exists a basis in fact for believing the defendant guilty of the offenses charged and that an independent record for such factual basis has been made.

6.   That the defendant and the prosecutor have entered into a plea agreement and that the defendant understands and consents to its terms.

7.   That the plea is voluntary and not the result of force, threats or promises other than a plea agreement.

8.   That under the circumstances, it is reasonable that the defendant plead guilty or no contest.

9.   That the defendant understands that a conviction may have an effect upon the defendant's immigration or naturalization status.


On the basis of these findings, I conclude that the defendant knowingly, voluntarily and intelligently pleads guilty or no contest to the above charges and accept such plea. These findings shall be made a part of the record in the above-styled case.

DATE  1/7/08

John M Paternoster, District Judge
Division I; 8th Judicial District

EIGHTH JUDICIAL DISTRICT COURT
COUNTY OF COLFAX
STATE OF NEW MEXICO

FILED IN MY OFFICE
9TH JUDICIAL DIST. COURT
COLFAX COUNTY, NM ON

2008 MAR 12  PM 1:20

BERNABE P. STRUCK
CLERK OF THE
DISTRICT COURT

No.   07-92   CR

STATE OF NEW MEXICO

                Plaintiff,

vs

NICKOLAUS C. PHILLIPS,
**DOB:**  05-05-1979,
**SSN:**  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,
**Class Code:**      DPC
**State Tracking Number:**

                Defendant.

## JUDGMENT AND SUSPENDED SENTENCE

**THIS COURT** having, on January 7, 2008, accepted and entered defendant's Plea of Guilty to the charges of **SHOOTING AT A MOTOR VEHICLE and POSSESSION OF A FIREARM BY A FELON,** as charged in Counts 1 and 4; the State having dismissed Counts 2 and 3; the matter having come before the Court for sentencing on January 7, 2008, defendant being present in person and by his attorney, Ray A. Floersheim, the State appearing by and through its Deputy District Attorney, Leslie A. Fernandez, and Defendant, through his counsel, having advised the Court there was no reason why sentence should not be pronounced and having made a statement to the Court and the Court being now fully informed and advised in the premises, it is

    **ORDERED AND ADJUDGED,** that:

    1.    Defendant, **Nickolaus Phillips,** be, and he hereby stands, convicted, and is guilty of the crime of **Shooting at a Motor Vehicle,** a fourth degree felony, as charged in Count 1 of the Information of 07-92 CR, filed herein, in that on or about the 31st day of March, 2006, in Colfax County, New Mexico, the above-named defendant did willfully discharge a firearm at a motor vehicle which did not cause bodily harm,  contrary to NMSA 1978 § 30-03-08(B).



2.      Defendant, **Nickolaus Phillips** be, and he hereby stands, convicted, and is guilty of the crime of **Possession of a Firearm by a Felon**, a fourth degree felony, as charged in Count 4 of the Information of 07-92 CR, filed herein, in that  on or about the 31st day of March, 2006, 2005, in Colfax County, New Mexico, the above-named defendant did possess a firearm after having been convicted of a felony in the preceding ten years, contrary to NMSA 1978 § 30-07-16.

3.      Defendant be, and he hereby is, on account of the crime of **Shooting at a Motor Vehicle**, of which he stands convicted, committed to the custody of the New Mexico Department of Corrections, to be by that department confined for a term of **EIGHTEEN (18) MONTHS** on Count 1 of 07-92 CR plus ONE (1) YEAR parole.

4.      Defendant be, and he hereby is, on account of the crime of **Possession of a Firearm by a Felon**, of which he stands convicted, committed to the custody of the New Mexico Department of Corrections, to be by that department confined for a term of **EIGHTEEN (18) MONTHS** on Count 4 of 07-92 CR plus ONE (1) YEAR parole.

5.      The sentence herein above imposed for the crime of **Possession of a Firearm by a Felon**, Count 4, be, and it hereby is, Ordered to run CONSECUTIVE to the sentence herein above imposed upon the defendant for the crime of **Shooting at a Motor Vehicle**, Count 1, for a **total** period of incarceration of **THREE (3) YEARS** in the New Mexico Department of Corrections, plus ONE year parole.

6.      Execution of the **three (3) year** sentence herein above imposed for the crimes above mentioned, be, and it hereby is, **SUSPENDED** in its entirety.  The sentence herein imposed upon the defendant shall run CONSECUTIVE to the sentence imposed upon the defendant by this Court in Colfax County cause number 07-92 CR.

7.      A condition of the suspension of the execution of **three (3) years** of the above imposed sentences shall be that Defendant be, and he hereby is, placed on supervised probation for a period of **three (3) years**. Defendant shall be under the supervision, guidance and direction of the District Supervisor, or his designee, under the following conditions:

2

a. The defendant shall abide by all normal terms of probation and shall obey all laws, federal, state and local;

b. All conditions previously imposed upon defendant, not inconsistent with this Order, in the Conditional Discharge Order of February 6, 2006 in 05-18 CR;

c. If the defendant remains in Colfax County for more than two weeks following this plea hearing, the defendant shall apply to, enroll in, and successfully complete the Colfax County Drug Court program. If he is not accepted into Drug Court, he shall be paneled by the Community Corrections program, and shall complete all contract requirements;

d. The defendant shall pay the mandatory $100 DNA fee, and shall cooperate with probation authorities in the collection of a DNA sample, and shall pay the domestic violence $5.00 fee;

e. The defendant shall pay probation fees of $25.00 per month;

f. The defendant shall not use or possess alcohol or controlled substances and shall submit to random urinalysis to detect such use; the defendant shall submit to searches by his probation officer of his person, vehicle or residence upon reasonable suspicion of such use; the defendant shall not enter or be found in any establishment whose primary business is the sale of alcoholic beverages; the defendant shall undergo an alcohol screening in the first forty five days of probation and shall follow any recommended treatment or counseling;

g. The defendant shall not possess any deadly weapon while on probation;

h. The defendant shall participate in an assessment or screening for alcohol and/or controlled substances and shall complete any recommended treatment or counseling;

i. The defendant shall have no contact with Aleen Martinez, April Sintas Milkovich, Jeffrey Gee, Dan Milkovich, and any other person, who in writing, is forbidden by the Adult Probation Office;

j. The defendant shall seek and maintain full time employment or a full time education schedule, and shall regularly report schedules of either to his probation officer;

k. Restitution of $ 563.00 to Susan Madrid shall be paid (from 07-92 CR) during this probation period, according to a restitution schedule developed by the adult probation office;

l. After March 5, 2008, if the Defendant's travel has been allowed by the probation office, the defendant shall not be found in Colfax County without written permission of the probation office. If his travel has not been allowed, the defendant shall remain under all the terms set out in these conditions until his transfer;

m. The defendant, while in Colfax County, shall be in the company at all times of either of his grandmothers, his father or his aunt Carmela Blouin;

n. The defendant shall undergo a psychiatric evaluation within the first forty five days of probation, and shall follow any recommendations, including any regimen of medication. The evaluator shall be provided a copy of the sixty day diagnostic evaluation from the Department of Corrections.

8. The sentence imposed upon the defendant for Shooting at a Motor Vehicle is a 'serious violent offense' as defined by NMSA § 33-2-34(L)(4)(j), and shall be treated as such by the Department of Corrections under the Earned Meritorious Deduction Act.

3

9.      The District Supervisor, Eighth Judicial District, Division One, or his designee, of the Field Services Division of the New Mexico Corrections Department, be, and he hereby is, directed, following entry of this Judgment, to cause to be served in person upon the defendant a true and correct copy of this Judgment, and to take the written receipt therefor of the defendant.

10.     Any bond furnished for or by the defendant be, and it hereby is, released to the person furnishing said bond.

_____
**John M. Paternoster**, District Judge
Division I; 8th Judicial District

Submitted by:

_____
Leslie A. Fernandez
Deputy District Attorney

Noted and Approved:

_____
Ray A. Floersheim
Attorney for Defendant

4