IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NICHOLOUS PHILLIPS, )<br>)<br>Defendant. ) | CR No. 09-CR-3601 MV |

UNITED STATES' RESPONSE
TO DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT

The United States of America respectfully submits this response in opposition to the Objections to the Presentence Report filed by the Defendant Nicholous Phillips. (Doc. 40).

I.   PROCEDURAL HISTORY

Defendant was charged by Criminal Complaint on November 3, 2009, with violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), felon in possession of firearm and ammunition.  Doc. 1. A grand jury indicted Defendant on December 16, 2009, on two counts, Count 1 charging felon in possession of firearm and ammunition, and Count 2 charging possession of a firearm with an obliterated or altered serial number.  Doc. 4.  Defendant was brought into custody and his initial appearance before this Court was on July 28, 2010.  Doc. 15.

Prior to the entry of any plea, a Form 13 PSR (hereinafter "PSR1") was ordered on October 17, 2010.  Doc. 23.  Disclosed on December 27, 2010, PSR1 determined Defendant's offense level to be 33 based on the finding that Defendant was an Armed Career Criminal (ACC), based on three prior convictions:  Trafficking a Controlled Substance (cocaine) in 2003, Possession of a Controlled Substance in 2004, Aggravated Battery in 2008, and Aggravated Assault with a Deadly Weapon and Tampering with Evidence in 2007.  PSR1 ¶¶ 24, 30, 32, 34.

It also listed Defendant's other convictions: Possession of a Controlled Substance in 1993 and 2004, and Shooting From/into a Vehicle and Possession of a Firearm Destructive Device by Felon also in 2008. PSR1 ¶¶ 29, 31, 33. Defendant's criminal history points totaled 16, and his criminal category was determined to be VI. *Id* at ¶¶ 35, 36. Based on an offense level of 33 and a criminal history category of VI, Defendant's guideline imprisonment range was found to be 235 to 293 months as to Count 1, the felon in possession charge, and 60 months as to Count 2, the obliterated serial number charge. *Id.* at ¶¶ 64, 65.

On April 26, 2011, Defendant pled guilty with a plea agreement to Count 1 of the indictment. Doc. 31. In the plea agreement, the parties stipulated to a sentence of "not more than 15 years" on Count 1, and that Count 2 would be dismissed. Doc. 31 at ¶¶ 5, 18a. The parties also stipulated to a series of Defendant's prior convictions. *Id.* at ¶ 16.

A second PSR (PSR2) was prepared based on the plea and was disclosed on June 21, 2011. Omitting any reference to an ACC finding, PSR2 determined Defendant's offense level to be 25, after application of a reduction of three points for acceptance of responsibility. PSR2 ¶¶ 20-27. The finding of 16 criminal history points and a criminal history category of VI remained.[1] PSR2 ¶¶ 36-37. Defendant's new guideline range was said to be 110 to 137 months. PSR2 ¶ 67. It also found that, because that guideline sentencing range rose above the statutory maximum sentence, the new revised guideline range was 110 to 120 months. PSR2 ¶ 67.

A third PSR (PSR3) was prepared and disclosed on September 26, 2011, again finding

---

[1] The first PSR, prepared in 2010, did not include the March 2, 2011, probation termination for the Aggravated Battery with a Deadly Weapon and Tampering with Evidence convictions. PSR1 ¶ 34. With this sole exception, the three PSRs list Defendant's convictions identically. PSR1 ¶¶ 28-36; PSR2 ¶¶ 29-37; PSR3 ¶¶ 31-39.

that Defendant was an Armed Career Criminal, based on two of the previous convictions used for the calculation, Aggravated Battery and Aggravated Assault with a Deadly Weapon, and for a third conviction, Shooting From/Into a Vehicle.  PSR3 ¶¶ 27, 35-37.  His revised adjusted offense level was now 30, based on a reduction of 3 levels for acceptance of responsibility.  PSR3 ¶¶ 21-28.  His criminal history category remained constant VI based on 16 criminal history points.  PSR3 ¶¶ 38, 39.  His resulting guideline imprisonment range is now 180-210 months.  PSR3 ¶ 71.

Sentencing was reset for January 31, 2012.  Docs. 33-39.  Defendant filed objections to PSR3, arguing he is not subject to the Armed Career Criminal Act.  Doc. 40.  He argues that his base[2] offense level should be 24.  Doc. 40 at 5.

## II.    ARGUMENT

Defendant argues that the Armed Career Criminal provision does not apply to him.

The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), applies when a defendant is currently charged with a violation of 18 U.S.C. §  922(g) and has at least three prior convictions for a violent felony or a serious drug offense for which each sentence exceeded one year.  18 U.S.C. § 924(e)(1).

---

[2] A base offense level of 24, combined with a four level increase for an obstructed serial number less three levels for acceptance of responsibility, would culminate in a final offense level of 25.  PSR2; PSR3 ¶¶ 22, 28.

A.    <u>Defendant's Drug-Related Convictions Do Not Qualify Towards an ACC Determination</u>.

Defendant has three felony drug-related convictions. Two, however, are for possession of narcotics only. PSR3 ¶¶ 32, 34. For his only drug trafficking conviction, Defendant was originally placed on conditional discharge and put on probation for 5 years. PSR3 ¶ 33. His probation was revoked in 2008, and he was sentenced to 9 years custody, but that too was suspended, and he was sentenced to 9 years probation. *Id.* A motion to revoke his probation was filed yet again in January 2009, and his probation was revoked again in February 2010, and he was re-sentenced to 9 years custody. *Id.* That sentence to 9 years imprisonment was made *after* to his arrest in this case. *Id.* Therefore, it appears that the sentence was not a prior sentence because it was not imposed prior to his current arrest. USSG § 4A1.2.

B.    <u>Defendant's Violent Felony Convictions</u>

The term "violent felony" means:

> . . . any crime punishable by imprisonment for a term exceeding one year . . . that —
> 
> (I)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> 
> (ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents as serious potential risk of physical injury to another. . .

18 U.S.C. § 924(e)(2)(B).

Neither Defendant's conviction for Possession of a Firearm nor Tampering with Evidence meet the definition of a "violent felony." PSR3 ¶¶ 36, 37. Defendant's remaining felony convictions are, however, violent felonies: Aggravated Battery, Shooting From/Into a Vehicle, and Aggravated Assault with a Deadly Weapon. PSR3 ¶¶ 35, 35, 37.

      1.      <u>Defendant's Shooting From/Into a Vehicle Conviction</u>.

Defendant argues that Shooting from, or at, a Motor Vehicle is not a violent felony based on a scienter that is too low to qualify. Doc. 40 at 2.

To determine whether a prior conviction qualifies as a violent felony, the Supreme Court has mandated a categorical approach. Under this approach, this Court looks only to the fact of conviction and the statutory definition of the prior offense, not the particular facts disclosed by the record of conviction. *James v. United States*, 550 U.S. 192, 202 (2007). The analysis examines whether the elements of the offense are of the type that would justify its inclusion within the ACCA, without inquiring into the specific conduct of a particular offender. *United States v. West*, 550 F.3d 952, 957 (10th Cir.2008).

New Mexico's jury instructions for Shooting at or from a Motor Vehicle with no injury lists the elements:

> 1. The defendant willfully shot a firearm [at] [from] a motor vehicle with reckless disregard for another person;
> 2. The defendant was not a law enforcement officer engaged in the lawful performance of duty; and
> 3. This happened in New Mexico on or about the ____ day of __, ___.

New Mexico Uniform Jury Instructions 13-342.

The Tenth Circuit found that a similar Kansas statute for shooting at an occupied building or motor vehicle was a violent felony. *United States v. Ford*, 613 F.3d 1263 (10th Cir. 2010). However, the government concedes that the Kansas statute at issue in *Ford* and the New Mexico statute at issue in this case are distinguishable and that *Ford*, while persuasive, is not controlling. The Kansas statute requires that a firearm be willfully discharged at an occupied vehicle or building whereas the New Mexico statutes requires a reckless disregard for another person.

The New Mexico crime does not qualify under 18 U.S.C. § 924(e)(2)(B)(i) because it lacks "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(I). *United States v. Ford*, 613 F.3d 1263 (10th Cir. 2010). The New Mexico statute requires only a reckless disregard for another person, not the use, attempted use, or threatened use of physical force. *See United States v. Hernandez–Rodriguez*, 467 F.3d 492, 495 (5th Cir.2006); *United States v. Alfaro*, 408 F.3d 204, 208–09 (5th Cir.2005) (Virginia crime of discharging a firearm within or at an occupied building in manner endangering the life of another person did not qualify under clause (i) because the required force was not against the person of another).

However, drawing an analogy from the Tenth Circuit holding in *Ford*, the New Mexico crime of shooting from, or at, a motor vehicle may fall within the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii).

On its face, the residual clause includes crimes "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court has clarified that the clause encompasses only "crimes that are roughly similar, in kind as well as in degree of risk posed" to the crimes enumerated in the preceding clause: burglary, arson, extortion, and crimes involving the use of explosives. *Begay v. United States*, 553 U.S. 137, 143 (2008); *see also United States v. Williams*, 559 F.3d 1143, 1147 (10th Cir.2009). A crime is similar in kind to the enumerated crimes if it "involve[s] purposeful, violent, and aggressive conduct." *Begay*, 553 U.S. at 144–45; see also *West*, 550 F.3d at 965–68.

First, criminal discharge of a firearm from a motor vehicle or aimed at a motor vehicle is at as risky as burglary or arson. Burglary is dangerous because of the possibility that someone

will be present when the crime is committed leading to a confrontation. The New Mexico crime of shooting from or at a motor vehicle requires reckless disregard for another person, implying that the other person is present. The person's presence increases the likelihood of at least a confrontation, if not a gunshot wound. The crime's risks are also similar to the risks attendant to arson. Arson directly damages a building, but indirectly endangers any person who might be inside. The New Mexico crime of shooting from or at a motor vehicle proscribes conduct roughly similar in the degree of risk posed as two enumerated crimes.

The crime is also similar in kind to the enumerated crimes because it involves purposeful, violent, and aggressive conduct. In 2008, the Supreme Court determined that driving under the influence (DUI) of alcohol was not a violent felony for ACC purposes because, although the person may have purposely imbibed alcohol and then drove, it did not meet the requirements of the "residual clause" of 18 U.S.C. § 924(e): that while it presented a serious potential risk of physical injury, it did not involve the type of willful, intentional conduct envisioned by Congress. *United States v. Begay*, 553 U.S. 137, 141-142 (2008). The New Mexico crime of shooting at or from a motor vehicle requires willful conduct, which satisfies *Begay's* requirement that the crime be purposeful. *Begay*, 553 U.S. at 144–45.

Defendant argues that "[s]hooting at a motor vehicle in itself is not dangerous to others until the circumstances of reckless disregard for the person of another is added." Doc. 40 at 17. The New Mexico statute for shooting at a motor vehicle requires purposeful, violent and aggressive conduct: it requires someone to purposefully discharge a firearm from or toward a vehicle with reckless disregard for a human in or near the vehicle. Discharging a firearm from or at a motor vehicle is violent and aggressive.

2. <u>Defendant's Aggravated Assault with a Deadly Weapon Conviction</u>.

The Tenth Circuit has ruled that New Mexico's Aggravated Assault with a Deadly Weapon statute, N.M. Stat. § 30-3-32(A), is classified as a violent felony, qualifying as a conviction under ACCA. *United States v. Silva*, 608 F.3d 663 (10th Cir. 2010); Doc. 40 at 28. The *Silva* Court found that Silva's no contest plea was an admission of guilt. *Silva* at 673. Unlike Silva, Defendant pled guilty. *Silva* at 673; PSR3 ¶ 37.

3. <u>Defendant's Aggravated Battery Conviction.</u>

Defendant does not dispute that his Aggravated Battery conviction is a crime of violence. The New Mexico aggravated battery statute has been found to be a "violent felony" and thus an eligible criteria for consideration in an ACC determination. See *United States v. Ortega*, 209 F. App'x 768 (10th Cir. 2006); United *States v. Mohammed*, 150 F. App'x 887 (10th Cir. 2005); *United States v. Adkins*, 196 F.3d 1112 (10th Cir. 1999), *overruled on other grounds by United States v. Shipp*, 589 F.3d 1084 (10th Cir. 2009).

### III.  CONCLUSION

WHEREFORE, the United States respectfully requests that this Court overrule Defendant's objections to the presentence report and conclude that a sentence of 180 months pursuant to the stipulation in the plea agreement is the appropriate sentence in this case.

Respectfully submitted,

KENNETH J. GONZALES
United States Attorney

*Electronically filed*

NORMAN CAIRNS
Assistant United States Attorney
PO Box 607

                                                                    Albuquerque, NM 87103
                                                                    (505) 346-7274

I HEREBY CERTIFY that I electronically filed
the foregoing with the Clerk of the Court
using the CM/ECF system which will send
notification to Thomas Jameson and
under separate cover to
Probation Officers (Elizabeth Quintanilles)(LC)
and Sami Geurts (SF).

  *Filed Electronically*
NORMAN CAIRNS
Assistant United States Attorney