IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | CR No. 09-3601 MV |
| vs. | ) | |
| NICHOLOUS PHILLIPS, | ) | |
| Defendant. | ) | |

UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM

The United States of America respectfully submits this response in opposition to a Sentencing Memorandum filed by the Defendant NICHOLOUS PHILLIPS. (Doc. 43).

I. PROCEDURAL HISTORY

Defendant was charged by Criminal Complaint on November 3, 2009, with violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), felon in possession of firearm and ammunition. Doc. 1. A grand jury indicted Defendant on December 16, 2009, on two counts, Count 1 charging felon in possession of firearm and ammunition, and Count 2 charging possession of a firearm with an obliterated or altered serial number. Doc. 4. Defendant was brought into custody and his initial appearance before this Court was on July 28, 2010. Doc. 15.

Prior to the entry of any plea, a Form 13 PSR (hereinafter "PSR1") was ordered on October 17, 2010. Doc. 23. Disclosed on December 27, 2010, PSR1 determined Defendant's offense level to be 33 based on the finding that Defendant was an Armed Career Criminal (ACC), based on three prior convictions: Trafficking a Controlled Substance (cocaine) in 2003, Possession of a Controlled Substance in 2004, Aggravated Battery in 2008, and Aggravated Assault with a Deadly Weapon and Tampering with Evidence in 2007. PSR1 ¶¶ 24, 30, 32, 34.

It also listed Defendant's other convictions: Possession of a Controlled Substance in 1993 and 2004, and Shooting From/Into a Motor Vehicle and Possession of a Firearm Destructive Device by Felon also in 2008. PSR1 ¶¶ 29, 31, 33. Defendantss criminal history points totaled 16, and his criminal category was determined to be VI. *Id* at ¶¶ 35, 36. Based on an offense level of 33 and a criminal history category of VI, Defendant's guideline imprisonment range was found to be 235 to 293 months as to Count 1, the felon in possession charge, and 60 months as to Count 2, the obliterated serial number charge. *Id.* at ¶¶ 64, 65.

On April 26, 2011, Defendant pled guilty with a plea agreement to Count 1 of the indictment. Doc. 31. In the plea agreement, the parties stipulated to a sentence of "not more than 15 years" on Count 1, and that Count 2 would be dismissed. Doc. 31 at ¶¶ 5, 18a. The parties also stipulated to a series of Defendant's prior convictions. *Id.* at ¶ 16.

A second PSR (PSR2) was prepared based on the plea and was disclosed on June 21, 2011. Omitting any reference to an ACC finding, PSR2 determined Defendant's offense level to be 25, after application of a reduction of three points for acceptance of responsibility. PSR2 ¶¶ 20-27. The finding of 16 criminal history points and a criminal history category of VI remained.[1] PSR2 ¶¶ 36-37. Defendant's new guideline range was said to be 110 to 137 months. PSR2 ¶ 67. It also found that, because that guideline sentencing range rose above the statutory maximum sentence, the new revised guideline range was 110 to 120 months. PSR2 ¶ 67.

---

[1] The first PSR, prepared in 2010, did not include the March 2, 2011, probation termination for the Aggravated Battery with a Deadly Weapon and Tampering with Evidence convictions. PSR1 ¶ 34. With this sole exception, the three PSRs list Defendant's convictions identically. PSR1 ¶¶ 28-36; PSR2 ¶¶ 29-37; PSR3 ¶¶ 31-39.

A third PSR (PSR3) was prepared and disclosed on September 26, 2011, again finding that Defendant was an Armed Career Criminal, based on two of the previous convictions used for the calculation, Aggravated Battery and Aggravated Assault with a Deadly Weapon, and for a third conviction, Shooting From/Into a Vehicle. PSR3 ¶¶ 27, 35-37. His revised adjusted offense level was now 30, based on a reduction of 3 levels for acceptance of responsibility. PSR3 ¶¶ 21-28. His criminal history category remained constant VI based on 16 criminal history points. PSR3 ¶¶ 38, 39. His resulting guideline imprisonment range is now 180-210 months. PSR3 ¶ 71.

Sentencing was reset for January 31, 2012. Docs. 33-39. Defendant filed objections to PSR3, arguing he is not subject to the Armed Career Criminal Act. Doc. 40. He argued that his *base*[2] offense level should be 24. Doc. 40 at 5.

On January 10, 2012, Defendant filed a sentencing memorandum requesting a sentence of unspecified below-guideline sentence months, requesting a departure based on his mental health, an over-represented criminal history, and variances based on 18 U.S.C. 3553(a) factors. Doc. 43.

II. ARGUMENT

A. Defendant's Mental Health

The Sentencing Guidelines provide a departure when mental and emotional conditions are present to an unusual degree and distinguish the case from the typical case. USSG § 5H1.3.

---

[2] A base offense level of 24, combined with a four level increase for an obstructed serial number less three levels for acceptance of responsibility, would culminate in a final offense level of 25. PSR2; PSR3 ¶¶ 22, 28.

They may also be relevant in determining treatment. *Id;* USSG § 5C1.1, comment. (n.6).

No psychological exam was ordered in this case. PSR ¶ 57. During his PSR interview, Defendant reported prior diagnoses of depression and anxiety, and reported being prescribed prescription medications of: Elavil, Wellbutrin, and Citalopram, all antidepressants, and Seroquel, used to treat schizophrenia and bi-polar disorder.

Defendant was examined by a clinical psychologist. Doc. 43-1. Defendant claims physical abuse by his father and stepmother, and sexual abuse by his grandfather. *Id.* at 2, 8, 9. He may have a learning disability. *Id.* at 5. He may have suffered a "closed head injury." *Id.* at 9. An intelligence test rated Defendant with an above-average intelligence. *Id.* at 5. The psychologist's diagnosis was Bipolar 1 Disorder, Post-Traumatic Stress Disorder (due to the physical and sexual abuse), and Polysubstance Dependence (marijuana and methamphetamine). *Id.* at 8. The psychologist recommended that during incarceration Defendant be placed in a forensic hospital to receive pharmacological and psychological treatment, and that treatment be continued after release. *Id.* at 10.

It does appear Defendant has mental health issues, and the PSR author recommended the Court consider those in fashioning his sentence. PSR3 ¶ at 84.

    B.    <u>Defendant's Criminal History</u>

Defendant is now 32 years old. PSR3 at 1. He stands convicted of two misdemeanors and eight felonies, the current being his ninth felony conviction. PSR3 ¶¶ 2, 31-37. He was also charged in three other matters, one as a juvenile, one with traffic violations, and a third involving a struggle in a detention center. PSR3 ¶¶ 40-42. Several convictions involved substance abuse and sales. PSR ¶¶ 31-34.

Defendant's Aggravated Battery conviction involved an aluminum baseball bat. PSR3 ¶ 35. Defendant claims the "handle" portion of the bat is less damaging than the barrel. Doc. 43 at 4-5. While there may be some cloth, rubber padding or pine tar at the grip (above the knob), a metal bat, even weighing no more than 33 ounces, and no more than 2.75 inches thick at its slimmest portion and no longer than 42 inches, could still pack a large amount of force no matter which end is used. *See* http://en.wikipedia.org/wiki/Baseball_bat; *see also* http://en.wikipedia.org/wiki/Club_(weapon), both last visited January 12, 2012. As to Defendant's claim no one was hurt, the PSR reported that "Phillips then proceeded to get an aluminum bat from his vehicle, again approached Gee, and swung the bat hitting Gee in the forehead." PSR3 ¶ 35. It is difficult to envision how this resulted in no injury, although the PSR does not detail any injury.

Of Defendant's convictions, almost all began with a term of probation which was revoked at least once.

| Conviction | Probationary period | PSR3 ¶ |
| --- | --- | --- |
| Criminal Damage to Property (misdemeanor) | August 21, 2003: 180 days custody suspended to 180 day unsupervised probation. | 31 |
| Possession of a Controlled Substance (felony) | December 7, 2004: 18 months probation | 32 |

5

| Conviction | Probationary period | PSR3 ¶ |
| --- | --- | --- |
| Trafficking a Controlled Substance (felony) | December 7, 2004: conditional discharge with 5 years probation<br><br>March 12, 2008: probation revoked, sentenced to 9 years custody followed by 2 years parole, suspended to 9 years probation;<br><br>February 24, 2010: probation revoked, sentenced to 9 years custody followed by 2 years parole | 33 |
| Possession of a Controlled Substance (felony) and Driving Under Restraint (misdemeanor) | January 24, 2005: 2 years probation with 5 days custody<br><br>May 12, 2005: Warrant issued, remains active for failure to comply with probation conditions | 34 |
| Aggravated Battery (felony) | March 18, 2008: 3 years custody, suspended to 3 years probation<br><br>February 24, 2010: Probation revoked, sentenced to 3 years custody concurrent to probation violation for Shooting From/Into a Vehicle (18 months) and consecutive to probation violation for Trafficking Controlled Substance (9 years) | 35 |
| Shooting From/into a Vehicle (felony) and Possession of a Firearm Destructive Device by Felon (felony) | March 12, 2008: 18 months custody, suspended to 18 months probation<br><br>February 24, 2010: probation revoked, sentenced to 18 months custody, concurrent to Aggravated Battery and consecutive to Trafficking Controlled Substance | 36 |

| Conviction | Probationary period | PSR3 ¶ |
| --- | --- | --- |
| Aggravated Assault with a Deadly Weapon (felony) and Tampering with Evidence (felony) | March 13, 2007: 2½ years custody on Aggravated Assault /Deadly Weapon, with 18 months consecutive for the Tampering conviction, for 4 years, with 3 years custody suspended to 3 years probation.<br><br>November 6, 2009: Probation revoked and reinstated, with intensive supervision program<br><br>March 2, 2011: Probation terminated | 37 |

In total, Defendant was sentenced, initially, to 14½ years probation, and only 2 of those years were not revoked through a probation violation. The remaining 12½ years were revoked, and one term of supervised release was reimposed for an additional 9 years of probation. One probation revocation remains pending, and the remainder were revoked and 14½ years of imprisonment imposed, and his the last conviction, he was sentenced to 1 year imprisonment with 3 years probation, and he violated that, but probation was reimposed and he successfully completed that term.

Defendant attributes his actions to himself as "a drug addled person with raging mental health issues who never received appropriate supervision, monitoring, training, or benefit of medical assistance." Doc. 43 at 5. He requests "treatment and supervision" instead of "a lengthy prison sentence." *Id.* at 6.

    B.    <u>Post-*Booker* and *Rita* Analysis</u>

The Court should apply *United States v. Booker*, 543 U.S. 220 (2005), and *Rita v. United States*, 551 U.S. 338 (2007), to satisfy the factors set forth in 18 U.S.C. § 3553(a).

1. The Nature and Circumstances of the Offense

Congress has demonstrated that it views the crime of felon in possession of a firearm as serious by imposing a penalty of up to life for a person classified as an armed career criminal. PSR3 ¶ 70.

2. History and Characteristics of the Defendant

Defendant was born in Colorado and an "only" child. PSR3 ¶ 44. His parents divorced when he was 9 years old and he spent most of his childhood with his grandmothers. *Id.* Defendant reported <u>no</u> history of physical, sexual or mental abuse. *Id.* Defendant has a teenaged half-brother from his father's subsequent marriage. PSR3 ¶ 45.

Defendant began using alcohol and illegal substances at an early age–fifth grade–and continued until this current arrest. PSR3 ¶ 58. By 2005 he was drinking a case of beer daily. *Id.* He began smoking marijuana at 13. *Id.* He used cocaine from 17 until 22, and used methamphetamine while working in the oil field, quit for two years, then took it up again, but only twice a month. PSR3 ¶ 59. He reports methamphetamine makes him feel relaxed and awake. *Id.* Defendant obtained a GED in 1996. PSR3 ¶ 60.

Defendant is unmarried and has no children. PSR3 ¶¶ 49-54. He worked for a trucking company with his father for a few years, then as construction laborer for two years, for 3 months in the oilfield, and as a mortgage trainee officer for two to three months. PSR3 ¶¶ 61-65.

3. The Need for the Sentence Imposed to Promote Respect for the Law, Provide Just Punishment, Adequate Deterrence and to Protect the Public from Further Crimes of the Defendant

This is Defendant's ninth felony conviction. A reasonable sentence is one that is within the guideline imprisonment range.

4. The Need to Avoid Unwarranted Sentencing Disparities Between Defendants Who Have Committed Similar Crimes

A sentence within the guideline range is the best approach to preventing unwarranted sentencing disparities between similarly-situated defendants. The sentencing guidelines have set a range of 180 to 210 months for a Defendant who has this criminal history category and who has committed the offense at issue here.

III. CONCLUSION

WHEREFORE, the United States respectfully requests that this Court conclude that a sentence within the guideline imprisonment range of not more than 15 years would constitute a reasonable sentence and that no further departures or variance from the guideline imprisonment range are warranted.

Respectfully submitted,

KENNETH J. GONZALES
United States Attorney

*Electronically filed*

NORMAN CAIRNS
Assistant United States Attorney
PO Box 607
Albuquerque, NM 87103
(505) 346-7274

I HEREBY CERTIFY that I electronically filed
the foregoing with the Clerk of the Court
using the CM/ECF system which will send
notification to Thomas Jameson and
under separate cover to
Probation Officer Elizabeth Quintanilla
and Sami Geurts (LC and SF).

   *Filed Electronically*
NORMAN CAIRNS
Assistant United States Attorney