IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                           Cr. No. 09-3601 MV

NICHOLOUS PHILLIPS,

        Defendant.

**DEFENDANT'S OBJECTIONS TO THE ADDENDUM TO THE PRESENTENCE REPORT AND REPLY TO THE GOVERNMENT'S RESPONSE TO THE DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT**

Defendant Nicholous Phillips, through counsel, objects to the conclusions in the addendum ("Add.") to the presentence report that he is subject to the Armed Career Criminal Act ("ACCA") and in particular to the determination that his New Mexico convictions for shooting at a vehicle and aggravated assault with a firearm are for violent felonies under 18 U.S.C. § 924(e)(2)(B), and to the conclusion in the addendum that he is subject to an enhancement to an offense level of twenty-four pursuant to USSG § 2K2.1(a)(2) and in particular to the determination that his aggravated assault conviction is for a crime of violence under USSG § 4B1.2(a). Mr. Phillips also replies to the government's response, (Document ("Doc.") 44), to his objections to the presentence report, (Doc. 40).

# ARGUMENT

**I. Mr. Phillips' violation of N.M. Stat. Ann. § 30-3-8(B) is not a violent felony under the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) because purposefulness with respect to the risky consequences of the violation is not an element of the offense.**

The government acknowledges an offense does not fit within the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) unless it is purposeful. (Doc. 44 at 6, 7). It does not expressly contest that Supreme Court and Tenth Circuit precedent establish reckless offenses are not purposeful. (Doc. 40 at 7-10). It recognizes the Tenth Circuit's decision in *United States v. Ford*, 613 F.3d 1263 (10th Cir. 2010) does not control the outcome in this case. (Doc. 44 at 5).

Nonetheless, the government insists the New Mexico offense of shooting at a motor vehicle with reckless disregard for the person of another is a violent felony under the residual clause without explaining why that is so. The government notes Mr. Phillips argues that shooting at a motor vehicle is not in itself dangerous to others until the circumstances of reckless disregard for another is added. (Doc. 44 at 7) (quoting Doc. 40 at 17). But it then simply declares N.M. Stat. Ann. § 30-3-8(B) requires purposeful conduct sufficient to warrant coverage within the residual clause because "it requires someone to purposefully discharge a firearm . . . toward a vehicle with reckless disregard for a human in or near the vehicle." (Doc. 44 at 7). It makes no effort whatsoever to address Mr. Phillips' observation that the offense is not purposeful just because it includes an act which is purposeful; rather,

2

it is not purposeful because the part of the offense that makes it risky to others is the part with respect to which the defendant need only be reckless. (Doc. 40 at 13-21).

The government's argument with respect to the riskiness of § 30-3-8(B) supports Mr. Phillips' position. The government contends the offense is dangerous to others because the element of the reckless disregard for another person implies a person is present during the shooting and the person's presence, "increases the likelihood of at least a confrontation, if not a gunshot wound." (Doc. 44 at 7). Thus, the government effectively concedes Mr. Phillips' point that § 30-3-8(B) requires only a reckless mental state with respect to the circumstances that make the offense dangerous to others. Necessarily then a violation of § 30-3-8(B) is not purposeful within the meaning of *Begay v. United States*, 553 U.S. 137, 144-46 (2008). *See id.* at 145 ("a drunk driver may very well drink on purpose," but "unlike the example crimes, the conduct for which the drunk driver is convicted . . .. need not be purposeful or deliberate"); *United States v. Woods*, 576 F.3d 400, 410-11 (7th Cir. 2009) (Illinois involuntary manslaughter is not purposeful under *Begay*, even though it requires the defendant to intend the acts which created dangerous circumstances because the offender need only be reckless with respect to the consequences of the intentional acts). The government says nothing that even attempts to call that conclusion into question.

The probation office in its addendum is similarly inscrutable. It obliquely implies that an offender's knowledge of the creation of a risk may satisfy *Begay*'s purposefulness requirement. (Add. at 3, 3-4). But Mr. Phillips demonstrated beyond cavil in his objections

3

that the recklessness mens rea of § 30-3-8(b) does not meet that standard. (Doc. 40 at 11-13). The probation office makes no attempt to address Mr. Phillips' argument in that regard or the substantial case law that supports it.

The probation office suggests the Supreme Court's decision in *Sykes v. United States*, 131 S. Ct. 2267(2011), eliminated *Begay*'s purposefulness requirement. (Add. at 3). But Mr. Phillips showed in his objections that *Sykes*, 131 s. Ct. at 2275-76, indicated riskiness alone may determine whether the residual clause includes an offense only when that offense is not a strict liability, negligence or recklessness crime. (Doc. 40 at 9-10). Since § 30-3-8(B) involves recklessness, the purposefulness test unquestionably applies in this case. The probation office makes no attempt to respond to Mr. Phillips' argument in this regard.

The probation office completely disregards Mr. Phillips' point, noted above, that § 30-3-8(B) is not purposeful because, although, like virtually every felony offense, it includes an act which is purposeful, the part of the offense that makes it risky to others is the part with respect to which the defendant need only be reckless. (Doc. 40 at 13-21). Like the government, the probation office proves Mr. Phillips' point in this regard. It indicates § 30-3-8(B) is meant to protect the public from reckless shooting. (Add. at 3). The presence of the public is not part of the deliberate acts involved in the offense, but is only involved in the circumstances concerning which the offender need only be reckless.

In short, this court has before it no argument that even attempts to counter Mr. Phillips' contentions. Instead, it faces only the government's and the probation office's ipse

4

dixits.  The logic of Mr. Phillips' position is so compelling neither the government nor the probation office has an answer to it.  This court should therefore hold that Mr. Phillips' violation of § 30-3-8(B) is not a violent felony.  Accordingly, the ACCA does not apply to Mr. Phillips.

**II.  Mr. Phillips' aggravated assault conviction is not for a violent felony under the ACCA or a crime of violence under USSG § 4B1.2(a) because it does not have as an element the intentional use, attempted use, or threatened use of physical force against the person of another.**

Both the government and the probation office simply rely on the Tenth Circuit's decision in *United States v. Silva*, 608 F.3d 663 (10th Cir. 2010), to support their position under this point.  (Doc. 44 at 8; Add. at 2).  They do not attempt to address Mr. Phillips' arguments why the Tenth Circuit wrongly decided *Silva*.  (Doc. 40 at 22-30).  Mr. Phillips stands by his position to preserve the issue for possible Tenth Circuit en banc and Supreme Court review.

## CONCLUSION

For the reasons stated above and in his original objections, defendant Nicholous Phillips requests that this court reject the presentence report and addendum findings to which he objects, hold that he is not subject to the Armed Career Criminal Act and refuse to impose an enhancement pursuant to USSG § 2K2.1(a)(2) and for any other relief this court deems appropriate.

| | |
|---|---|
| I HEREBY CERTIFY THAT on the 25th day of January, 2012, I filed the foregoing electronically through the CM/ECF system, which caused AUSA Norman Cairns, to be served by electronic means, as more fully reflected on the Notice of Electronic Filing. | Respectfully submitted,<br><br>FEDERAL PUBLIC DEFENDER<br>111 Lomas NW, Suite 501<br>Albuquerque, NM 87102<br>(505) 346-2489<br><br>*filed electronically*<br>Thomas B. Jameson, AFPD<br>Attorney for Defendant |

*filed electronically*